NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| : | **Hon. Dennis M. Cavanaugh** |
| DANIEL TODD SLINGER *et al.*, : | |
| : | **OPINION** |
| Plaintiffs, : | |
| : | Civil Action No. 07-CV-5561 (DMC) |
| v. : | |
| : | |
| STATE OF NEW JERSEY *et al.*, : | |
| : | |
| Defendants. : | |
| : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Plaintiffs Daniel Todd Slinger, Joanne

Slinger, and Gregory Slinger ("Plaintiffs") for reconsideration of the Court's September 4, 2008

Order dismissing Plaintiffs' claims against Defendants State of New Jersey ("State"), County of

Morris ("Morris County"), Morris County Prosecutor's Office ("MCPO"), Morris County Prosecutor

Michael Rubinaccio ("Rubinaccio"), Chief of Detectives Joseph Devine ("Devine") and Sargent

Michael Rogers ("Rogers," and collectively, with Rubinaccio and Devine, "Prosecutor Defendants,"

and collectively, "Defendants").   Pursuant to Fed. R. Civ. P. 78, no oral argument was heard.  After

considering the submissions of the parties, and based upon the following, the Court finds that

Plaintiffs' motion for reconsideration is **denied**.

## I.   BACKGROUND

This matter arises from Plaintiffs' claims that Defendants violated 42 U.S.C. § 1983, the

New Jersey Civil Rights Act, N.J.S.A. 10:6-2 and state tort law during the arrest and temporary

detainment of Plaintiff Daniel Slinger on November 19, 2005.  The Court dismissed all claims

against Defendants in a decision on September 4, 2008.  Currently before the Court is Plaintiffs'

motion requesting that the Court reconsider its decision, arguing that the Court should not have

applied Eleventh Amendment sovereign immunity to bar suit against the State, MCPO and

Prosecutor Defendants, and that the claims against the Prosecutor Defendants in their individual

capacities should have been allowed to remain until appropriate discovery could take place.

## II.   DISCUSSION

Motions for reconsideration are governed by Local Civil Rule 7.1(i).  See United States v.

Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999).  Under Rule 7.1(i), a movant

must submit "concisely the matter or controlling decisions which the party believes the [court]

has overlooked."  L. Civ. R. 7.1(i).  Motions for reconsideration will be granted only where: (1)

an intervening change in the controlling law has occurred; (2) evidence not previously available

has become available; or (3) it is necessary to correct a clear error of law or prevent manifest

injustice.  Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir.

1999).  Such relief is "an extraordinary remedy" to be granted "sparingly."  See NL Indus. Inc. v.

Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996).

Plaintiffs argue that the Court should reconsider its decision because the Court

improperly applied Eleventh Amendment sovereign immunity to the State, MCPO and

Prosecutor Defendants, and because insufficient discovery had taken place for the Court to

dismiss claims against the Prosecutor Defendants in their individual capacities.  Since Plaintiffs

do not present an intervening change in the law or evidence previously unavailable, the Court

interprets their motion as arguing for reconsideration based on a clear error of law or manifest injustice. Plaintiffs' legal arguments were fully considered by the Court in reaching its initial decision, however, and their motion essentially amounts to a request for re-argument of decided issues. Accordingly, because Plaintiffs fail to demonstrate a suitable basis for granting reconsideration, and because their legal arguments are in any event wrong, their motion is denied.

Plaintiffs' first argument, that Eleventh Amendment sovereign immunity should not have been applied to dismiss the claims against the State, MCPO or the Prosecutor Defendants, is simply incorrect. The Court discussed this issue at length in its Opinion, noting correctly that the Eleventh Amendment protects state agencies and officials acting in their official capacity from being sued under the principles of sovereign immunity. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70–71 (1989). The Court noted that limited exceptions to state sovereign immunity may exist, but correctly explained that none of the exceptions apply in this case. In so finding, the Court rejected the argument that the State had consented to suit under the New Jersey Civil Rights Act, relying both on the plain language of the statute and its relationship to 42 U.S.C. § 1983 and the New Jersey Tort Claims Act. Because the Court correctly applied the Eleventh Amendment to bar suit against the State, MCPO and the Prosecutor Defendants acting in their official capacity, Plaintiffs' motion for reconsideration on this basis is denied.

Similarly, Plaintiffs' argument that discovery should have been allowed before claims against the Prosecutor Defendants in their individual capacities were dismissed is also incorrect. The Court considered the issue of individual liability in its initial Opinion, finding that Plaintiffs failed to allege any facts suggesting that the Prosecutor Defendants had acted outside the scope of

3

their official capacity.  Plaintiffs now argue that such facts were unavailable to them because discovery had not yet taken place.  It is within the Court's discretion, however, to determine the sufficiency of a civil rights pleading.  <u>Freedman v. City of Allentown, Pa.</u>, 853 F.2d 1111, 1114 (3d Cir. 1988) (discussing Section 1983 claims while noting that the "specificity rule" in civil rights cases "represents a balance between the rights of local government officials not to be subjected to the burden of trial on claims that are legally insufficient . . . and plaintiffs who have been injured").  In this case, the Court gave full consideration to Plaintiffs' pleadings and arguments on this issue, but nonetheless found that the Complaint failed to allege any actions whatsoever that would take the Prosecutor Defendants outside the scope of their official capacity. Because Plaintiffs fail to demonstrate a clear error of law or manifest injustice, their motion for reconsideration on this basis is denied.

## III.   CONCLUSION

For the reasons stated, the Court finds that Plaintiffs' motion for reconsideration is **denied**. An appropriate Order accompanies this Opinion.

   S/Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:          December   19   , 2008
cc:            All Counsel of Record
               Hon. Mark Falk, U.S.M.J.
               File